## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANGELA R. B.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 20-CV-0254-CVE-JFJ** |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of Social** ) | |
| **Security Administration,[1]** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION AND ORDER

Before the Court is the report and recommendation (Dkt. # 23) of the magistrate judge

recommending that the Court affirm the Commissioner of the Social Security Administration's (the

Commissioner) decision to deny plaintiff's claim for disability benefits. Plaintiff has filed a timely

objection (Dkt. # 24) to the report and recommendation, and defendant has filed a response (Dkt. #

25) to plaintiff's objection.

### I.

On April 25, 2017, plaintiff Angela R. B. applied for Title II disability insurance benefits and

Title XVI supplemental security income benefits. Dkt. # 12-2, at 16. Plaintiff alleged in both

applications that she had been disabled since March 1, 2015. Id. Plaintiff's claims were initially

denied on January 28, 2018, and then denied upon reconsideration on April 5, 2018. Id. Plaintiff

---

[1]     Effective July 11, 2021, pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi,
        Acting Commissioner of Social Security, is substituted as the defendant in this action. No
        further action need be taken to continue this suit by reason of the last sentence of section
        205(g) of the Social Security Act, 42 U.S.C. § 405(g).

requested a hearing before an administrative law judge (ALJ), and a hearing was held on June 13, 2019.  Id.  Plaintiff was represented by counsel at the hearing.  Id.  Plaintiff was 42 years old at the time of the hearing and lived with her son in a one-story house.  Id. at 41-42.  The ALJ reviewed plaintiff's work history and noted that between 2009 and 2015, plaintiff held various jobs, including an assistant manager for fast food restaurants and a laundry worker at a nursing home.  Id. at 43-45.  Plaintiff reported that for her assistant manager positions, she was on her feet ten hours a day, and was required to lift no more than five pounds.  Id.  At 43-44.  Plaintiff testified that in March 2015, she stopped her last position as an assistant manager at Whataburger because "it was too excruciatingly painful."  Id. at 44.  Plaintiff testified that she presently has no income.  Id. at 46.  In her application, plaintiff claimed that she was disabled "due to degenerative disc disease, spine problems, [and] a herniated disc in [her] back."  Id. at 46.  When she filed her appeal, plaintiff further noted having knee surgery, hip surgery, neck surgery, nerve damage, getting tested for post-traumatic stress disorder (PTSD), anxiety, and carpal tunnel syndrome in both hands.  Id.  At the hearing, plaintiff testified that she felt pain in her spine, knee, back, and shoulder.  Id.  The ALJ called a vocational expert (VE) to testify and posed a hypothetical without a mental impairment limitation, and the VE testified that the hypothetical claimant would be able to do sedentary work such as assembler, filler, or clerical sorter.  Id. at 57-59.

On August 23, 2019,  the ALJ issued a written decision denying plaintiff's claim for Title II disability insurance benefits and Title XVI supplemental security benefits.  Plaintiff had not engaged in "substantial gainful activity" since March 1, 2015, the date of her application for benefits.  Id. at 19.  The ALJ found that plaintiff had the severe impairments of obesity, chronic pain syndrome, lumbar and cervical radiculopathy, cervical and thoracic spondylosis, and right knee

degenerative joint disease.  Id.  The ALJ further found that plaintiff had non-severe impairments of

carpal tunnel syndrome, varicose veins, and anxiety disorder, but the ALJ determined that the

conditions had minimal or no effect on plaintiff's ability to work.  Id.  The ALJ considered "all of

the claimant's medically determinable impairments, including those that are not severe, when

assessing the claimant's residual functional capacity."  Id.  The ALJ paid particular attention to

plaintiff's alleged anxiety disorder, and found mild limitations based on "the broad functional areas

of mental functioning set out in the disability regulations for evaluating mental disorders and in the

Listing of Impairments . . . known as the 'paragraph B' criteria."  Id.  at 19-20.  Based on the

"paragraph B" criteria, the ALJ found that plaintiff did not allege any issues related to, and had mild

limitations in, 1) understanding, remembering, or applying information; 2) interacting with others;

3) ability to concentrate, persist, or maintain pace; and 4) ability to adapt and manage herself.  Id.

at 20.  Consequently, the ALJ concluded that plaintiff did not have an impairment or combination

of impairments that met or equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1.  Id. at 21.

   The ALJ proceeded to step four of the analysis and found that plaintiff had the residual

functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except no
> climbing ropes, ladders or scaffolds; crawling; crouching; or balancing on uneven,
> moving, or narrow surfaces; occasional climbing of ramps or stairs, stoop, and kneel;
> no work involving any exposure to unprotected heights; and no overhead reaching.
> . . . Physicians at the State Disability Determinations Services (DDS) opined the
> claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand
> and/or walk about 6 hours in an 8-hour workday; and sit about 6 hours in an 8-hour
> work day . . . . [Although] DDS opined a full range of light work, [the] ALJ found
> the [above] postural limitations appropriate.

Id. at 21-22, 24.  The ALJ considered plaintiff's testimony; any reported symptoms, to the extent they were consistent with the objective medical evidence; medical opinions; and prior administrative medical findings in determining plaintiff's RFC.  Id. at 22.  For example, the ALJ noted that despite alleging mental health issues, plaintiff had not undergone treatment with a mental health specialist.  Id. at 20.  Further, the ALJ found that plaintiff's "medically determined impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of theses symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]"  Id. at 22.  In reaching this conclusion, the ALJ reviewed plaintiff's medical records and other evidence, including: 2011 MRI of thoracic spine, 2016 MRI of thoracic spine, x-rays of bilateral knees and hands, MRI of lumbar spine, MRI of right shoulder, numerous medical consultations plaintiff submitted to at the request of the Social Security Administration (SSA), and DDS physicians' reports.  Id. at 22-24.  At steps four and five of the analysis, the ALJ determined that plaintiff had no past relevant work that she could perform, but there were jobs available in the regional and national economies that plaintiff could perform with her RFC.  Id. at 24-26.

Based on this finding, the ALJ determined that plaintiff was not disabled.  The Appeals Council found no basis to change the ALJ's decision and denied plaintiff's request for review, and the ALJ's decision is the final decision of the Commissioner.  Id. at 2.  Plaintiff filed this case requesting judicial review of the denial of her claim for disability benefits, and the matter was referred to a magistrate judge for a report and recommendation.  The magistrate judge recommends that the Commissioner's decision be affirmed.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation.  However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation.  Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999).  The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part.  Fed. R. Civ. P. 72(b).

Plaintiff argues the ALJ erred by failing to include plaintiff's mild mental limitations in the RFC determination and hypothetical posed to the VE, based on the ALJ's "paragraph B" assessment of plaintiff's mental impairments.  Dkt. # 24, at 3.  Plaintiff further argues that because the RFC determination was flawed, one of the jobs listed in the ALJ's step five analysis would be inappropriate for plaintiff, who should be limited to simple, unskilled work due to anxiety.  Id. at 6.

The Social Security Administration has established a five-step process to review claims for disability benefits.  See 20 C.F.R. § 404.1520.  The Tenth Circuit has outlined the five step process:

Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)].  If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." Id.  An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental

5

ability to perform basic work activities.  *See* 20 C.F.R. § 404.1521.  At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation."  *Allen*, 357 F.3d at 1142.  If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [her] from performing [her] past relevant work.  *See id.*  Even if a claimant is so impaired, the agency considers, at step five, whether [she] possesses the sufficient residual functional capability to perform other work in the national economy.  *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  The ALJ decided this case at step five of the analysis, finding that sufficient jobs existed in the national economy to allow plaintiff to work.  At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform.  Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988).  If the claimant can adjust to work outside of her past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A).  However, the ALJ must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC.  Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010).  The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process.  Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if her decision is supported by substantial evidence.  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994).  "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th

Cir. 2004).  The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision.  Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

## A.

Plaintiff argues that the ALJ erred by failing to explicitly include a mild mental limitation in the RFC and in the hypothetical posed to the VE, because the ALJ had a duty "to include all medical impairments throughout the disability process," and "[a]ll impairments of record must be included in the hypothetical to the VE." Dkt. # 24, at 4.  However, plaintiff's argument is misguided.

The ALJ found plaintiff's mental limitations were mild during the "paragraph B" assessment at step two and three of the ALJ's evaluation process.  Dkt. # 12-2, at 20.  The "paragraph B" criteria are a tool to aid the ALJ with rating the severity of a mental impairment; however, the ALJ's finding of a mild limitation at step two and three "does not necessarily translate to a work-related functional limitation for the purposes of the RFC assessment."  Vigil v. Colvin, 805 F.3d 1199, 1203 (10th Cir. 2015); see also Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *4 (July 2, 1996).  During her "paragraph B" assessment, the ALJ considered evidence of plaintiff's medically determinable impairments, including non-severe impairments, such as plaintiff's testimony and treatment records. Dkt. # 12-2, at 20.  The ALJ also noted that the "paragraph B" assessment is distinct from the RFC determination at steps four and five, and that the RFC "reflects the degree of limitation" the ALJ found in her "paragraph B" analysis.  Id.  The magistrate judge found that plaintiff's argument that a mild mental limitation should have been included in the RFC and VE hypothetical was unpersuasive, noting that "plaintiff points to no records indicating that her mental limitations were more severe than the ALJ indicated in the RFC."  Dkt. # 23, at 6.

7

The Court has independently reviewed the parties' arguments and the administrative record, and finds that with respect to the RFC determination and the hypothetical posed to the VE, the ALJ applied the correct legal standard and based her findings on substantial evidence.  In finding that plaintiff's mental impairment is non-severe, the ALJ considered ample evidence, including: treatment records from June 6, 2018, which contained plaintiff's admission that her anxiety is well-controlled on medication; plaintiff's testimony, in which she did not allege any problems that specifically related to the "paragraph B" criteria; the DDS' findings that plaintiff's mental impairments are non-severe; and the ALJ  balanced plaintiff's reports of having mental issues with the fact that plaintiff has not sought mental health treatment.  Dkt. # 12-2, at 20-21.  Tenth Circuit precedent confirms that the ALJ was not required to explicitly include the mild mental impairment in her RFC determination.  Vigil, 805 F.3d at 1203.  Moreover, as in Vigil, the ALJ adequately accounted for a non-severe mental impairment in her RFC assessment by considering only unskilled work in step five of her analysis— whether plaintiff had the RFC to perform other work in the national economy.  See id. at 1204.

**B.**

Plaintiff argues that because the RFC determination was flawed, one of the jobs listed in the ALJ's step five analysis—DOT # 249.587-018, with  a reasoning level of three—would be inappropriate for plaintiff, who should be limited to simple, unskilled work due to anxiety.  Dkt. # 24, at 6.  Plaintiff further argues that even though the ALJ did not explicitly limit plaintiff to "simple" or "unskilled" work, limiting plaintiff to specific vocational preparation (SVP) level two jobs in the step five analysis is the same as limiting plaintiff to simple, unskilled work.  Dkt. # 24, at 6.  The Court is unpersuaded by plaintiff's argument.

8

First, the Court finds that plaintiff's first argument fails because the Court determined in part II.A, *supra*, that the ALJ's analysis and RFC determination were proper. Therefore, the ALJ not including any mental limitations in plaintiff's RFC determination was also proper.

Next, plaintiff points out that all of the jobs the ALJ listed in step five are SVP level two jobs, and argues that "simple" or "unskilled" work is synonymous with SVP level two jobs. Dkt. # 24, at 6. Plaintiff further argues that jobs with a reasoning level of three are inappropriate for an individual limited to simple, unskilled labor; thus, the ALJ committed reversible error when she listed a reasoning level three job in step five of her analysis. Id. at 6. "SVP refers to the time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Vigil, 805 F.3d at 1201 n. 2 (citing Dictionary of Occupational Titles, App'x C, § II (4th ed., revised 1991)) (internal quotations omitted). Additionally, the Scale of General Education Development (GED) classifies "those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." DOT App'x C, § III, 1991 WL 688702. A reasoning level three classification on the GED scale requires a worker to "apply common sense understanding to carry out instructions furnished in written, oral, or diagrammatic form. [And, deal] with problems involving several concrete variables in or from standardized situations." Id. One of the jobs the ALJ listed in her step five analysis was DOT #249.587-018, which is an unskilled, SVP level two job with a reasoning level of three.

However, in her RFC determination, which this Court found was proper in the discussion in part II.A, supra, the ALJ limited plaintiff to sedentary work only, with some additional physical limitations, but no mental limitations. Dkt. # 12-2, at 21-22. Thus, the ALJ properly concluded that

9

no mental limitations— such as "simple" work or work that is of a certain reasoning level— were necessary. Dkt. # 12-2, at 19-22. Both SVP and reasoning level on the GED scale speak to mental capacity. For example, SVP refers to the amount of time it takes to train an employee, and reasoning level refers to an employee's ability to apply common sense and carry out instructions. Neither SVP nor reasoning level speak to physical limitations. Therefore, the Court finds that plaintiff's RFC does not preclude her from performing a job with a reasoning level of three, including DOT #249.587-018, and the ALJ did not err in including such a job in finding that plaintiff is not disabled.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 23) is **accepted**, and the Commissioner's decision denying plaintiff's claim for disability benefits is **affirmed**. A separate judgment is entered herewith.

**DATED** this 20th day of October, 2021.

_Claire V Eagl_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE